IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Brunswick Division

**FILED**
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Brunswick, Georgia
By cking at 4:59 pm, Jul 20, 2012

```
IN RE:                          )
                                )
COASTAL REALTY                  )    CHAPTER 11 CASE
INVESTMENTS, INC.               )    NUMBER 12-20564
                                )
     Debtor                     )
                                )
_____)
BANK OF THE OZARKS              )
                                )
     Creditor/Movant            )
                                )
vs.                             )
                                )
COASTAL REALTY                  )
INVESTMENTS, INC.               )
                                )
     Debtor/Respondent          )
```

### OPINION AND ORDER DETERMINING THAT REAL PROPERTY IS SINGLE ASSET REAL ESTATE

Bank of the Ozarks ("Bank") a secured creditor in this chapter 11 case, seeks by motion ("Motion") a determination that this case involves "single asset real estate."[1] The Motion is opposed by the Debtor. The Bank contends that the property at issue fits the definition of single asset real estate as defined in 11 U.S.C. § 101(51B):

---

[1] The Motion is made pursuant to language in 11 U.S.C. § 362(d)(3), which provides in relevant part that "30 days after the court determines that the debtor is subject to this paragraph . . . ."

> The term "single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto.

11 U.S.C. § 101(51B). The Debtor contends that as it owns real property in addition to the real property on which the Bank claims a security interest, the property cannot be single asset real estate under the statutory definition.

The facts necessary to resolve the Motion are not in dispute. The Debtor owns and operates a 32-unit apartment complex known as Coastal Condos. The business plan provides that these one- and two-bedroom fully furnished apartments are rented, all utilities included, for a short term of either three months, six months, or one year. The Bank holds a security interest in this complex, which is the subject of the Motion.

In addition to Coastal Condos, the Debtor owns a house at 107 Wellington Circle, Brunswick, Georgia, which the Debtor also rents. Currently, the Wellington Circle house is under a two-year lease. Additionally, the Debtor owns ten undeveloped real estate subdivision lots in Wayne County, Georgia, which the Debtor is actively marketing for sale.

The Bank's Exhibit 3 includes monthly profit and loss ("P&L") statements for the Debtor for calendar year 2011. The P&L statements show income as follows:

| 2011 P&L Stmnts | Gross Income | Income other than from Coastal Condos | Coastal Condos Income | Coastal Condos Income as Percentage of Gross |
|---|---|---|---|---|
| January | $19,555.15 | $1,150.00 | $18,405.15 | 94 |
| February | 20,989.86 | 1.150.00 | 19,839.86 | 95 |
| March | 19,907.37 | 3,648.74 | 16,258.63 | 82 |
| April | 16,611.42 | 1,150.00 | 15,461.42 | 93 |
| May | 14,086.89 | 1,150.00 | 12,936.89 | 92 |
| June | 12,835.87 | 1,540.00 | 11,295.87 | 88 |
| July | 15,288.25 | 1,150.00 | 14,138.25 | 92 |
| August | 8,695.17 | 1,150.00 | 7,545.17 | 87 |
| September | 10,913.43 | 1,150.00 | 9,763.43 | 89 |
| October | 7,962.76 | 1,150.00 | 6,812.76 | 86 |
| November | 7,114.19 | 1,150.00 | 5,964.19 | 84 |
| December | 6,150.00 | 1,150.00 | 5,000.00 | 81 |

Based on the figures in the table above, Coastal Condos provided 89% of the Debtor's income during calendar year 2011.

Further, a P&L statement for June 2012 is attached as an exhibit to the Debtor's first full Monthly Operating Report post-filing (Bank's Ex. 2). This P&L statement shows that the Debtor's gross income for June 2012 was $18,886.00, of which all but $1,150.00 was attributable to Coastal Condos. Accordingly, 94% of the Debtor's gross income for June 2012 was attributable to Coastal Condos.

The Debtor contends that the property at issue does not qualify under the definition of "single asset real estate"

because the Debtor owns multiple real estate properties. The definition at § 101(51B) states otherwise, however.

I agree with the analysis of the Honorable Lamar W. Davis Jr., Judge of this Court, in the chapter 7 case In re Global One LLC, No. 08-41197 (Bankr. S.D. Ga. July 21, 2009) (Memorandum and Order on Motion for Relief from Stay). In that case, Judge Davis determined that the focus of the definition is not on the number of properties owned by the Debtor: "The § 101(51B) definition focuses upon whether 'substantially all of the gross income of [the] debtor' was generated by the property . . . ." Id. at 7 (quoting In re Charterhouse Boise Downtown Properties, LLC, 2008 WL 4735264, at *2 (Bankr. D. Idaho Oct. 24, 2008)).

The Debtor's property at issue here falls squarely within the definition of single asset real estate. The property is an apartment complex with more than four residential units. It generates an average of 89%--substantially all--of the gross income of the Debtor. The Debtor is not a family farmer; and there is no substantial business being conducted by the Debtor other than the business of operating the real property and activities incidental thereto that is the subject of this determination.

**IT IS THEREFORE ORDERED** that pursuant to 11 U.S.C. § 101(51B), the Debtor's Coastal Condos property qualifies as "single asset real estate."

_____
JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 20 day of July, 2012.

AO 72A
(Rev. 8/82)